UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| RICKIE LEE YAUGER, | CASE NO. 5:21 CV 2279 |
| Petitioner, | JUDGE JOHN R. ADAMS |
| v. | |
| WARDEN JENNIFER GILLECE BLACK, | MEMORANDUM OF |
| Respondent. | OPINION AND ORDER |

*Pro se* Petitioner Rickie Lee Yauger, an Ohio prisoner incarcerated in the Lorain Correctional Institution, has filed a Petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus. (Doc. No. 1.) He seeks release from custody on the ground that the state sentence imposed on him (in *State of Ohio v. Yauger*, Case No. CR-2019-09-3348-B (Summit Cty. Ct. of Comm. Pleas)) has been incorrectly calculated.

Pursuant to Rule 4 of the Rules Governing Habeas Corpus Cases under § 2254, a federal district court is required to examine a habeas corpus petition and determine whether "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." If so, the petition must be summarily dismissed. *See* Rule 4; *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face).

The Court finds that the Petition must be dismissed. Habeas corpus relief under § 2254 may not be granted unless it appears that the petitioner has exhausted all "remedies available in the courts of the State." 28 U.S.C. § 2254(b); *Hannah v. Conley*, 49 F.3d 1193, 1196 (6th Cir. 1995) (*per curiam*). "The exhaustion requirement is satisfied when the highest court in the state in which the petitioner was convicted has been given a full and fair opportunity to rule on the petitioner's claims." *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990) (citations omitted). Exhaustion

of state remedies requires that petitioners "fairly presen[t]" federal claims to state courts in order to give them the opportunity to correct violations of federal rights. *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (*per curiam*) (quoting *Picard v. Connor*, 404 U.S. 270, 275 (1971)).

On its face, the Petition indicates that Petitioner has not presented the claims he seeks to raise regarding the calculation of his sentence in the Ohio courts; therefore, he has not exhausted his state remedies.

Accordingly, the Petition is dismissed pursuant to Rule 4 of the Rules Governing Habeas Corpus Cases, without prejudice to re-filing upon Petitioner's exhaustion of state remedies. The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith and that there is no basis on which to issue a certificate of appealability. Fed. R. App. P. 22(b); 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

                                               */s/ John R. Adams*
                                               JOHN R. ADAMS
                                               UNITED STATES DISTRICT JUDGE

DATED: March 21, 2022